IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WHITNEY ABBOTT, on behalf of minor son G.A., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:25-cv-04002-WJE |
| FIRST STUDENT, INC., | ) ) | |
| Defendant. | ) ) | |

# ORDER

Pending before the Court is Defendant First Student, Inc.'s ("First Student") Motion to Strike (Bar) Plaintiff's (Unpled) Claim for Punitive Damages and suggestions in support.[1] (Doc. 60, 61). Plaintiff Whitney Abbott has filed suggestions in opposition. (Doc. 65). First Student has filed a timely reply, to which Ms. Abbott filed a sur-reply without leave of the court. (Docs. 67, 68). The issue is now ripe for consideration. For the reasons that follow, the Motion to Strike (Bar) Plaintiff's Claim for Punitive Damages is denied.

## I.  Background

This action arises out of alleged student-on-student sexual misconduct on a school bus. Ms. Abbott contends that First Student, the bus company contracted to provide transportation services to the Jefferson City School District, negligently failed to protect her minor child, G.A., from sexual assault perpetrated by another student with "known dangerous propensities." (*See* Doc. 1-1 at ¶ 49).

---

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In Count I, Ms. Abbott asserts a claim of negligence, alleging that First Student failed to adequately monitor and supervise student passengers or otherwise provide G.A. with a reasonably safe environment. In Count II, Ms. Abbott asserts negligent hiring, training, monitoring, retention, and supervision of a First Student employee. (*See* Doc. 1-1 at 12-16). Ms. Abbot's claims stem from the transportation services First Student provided pursuant to contract with the Jefferson City School District for the benefit of District students. (*Id.*).

This case was removed to federal court on January 6, 2025. (Doc. 1). On March 4, 2025, the Court entered its Scheduling and Trial Order, setting a deadline to amend pleadings of July 21, 2025. (Doc. 17). Ms. Abbott requested leave to file an amended complaint to add additional parties and suggestions in support on July 8, 2025, which the Court denied. (Docs. 28, 29, 33).

On December 9, 2025, First Student filed a Motion to Strike (Bar) Plaintiff's (Unpled) Claim for Punitive Damages and suggestions in support. (Docs. 60, 61). Ms. Abbott filed her suggestions in opposition on December 22, 2025. First Student filed its reply on January 5, 2026, to which Ms. Abbott filed a sur-reply on January 6, 2026, without leave of court. (Docs. 67, 68).

## II. Discussion

First Student urges this Court to apply the doctrine of judicial estoppel to bar Ms. Abbott from seeking punitive damages. (Doc. 61 at 3-7; Doc. 67 at 1-2). Ms. Abbott argues that her petition sufficiently pleads punitive damages, that she has not stated inconsistent positions, and that judicial estoppel should not prevent her from seeking punitive damages. (Doc. 65 at 9-10; Doc. 68). The Court finds that Ms. Abbott may pursue punitive damages, and the doctrine of judicial estoppel does not apply.

### A. Ms. Abbott may pursue punitive damages at trial.

First Student argues that Ms. Abbott should be prevented from seeking punitive damages because her pleadings do not contain a claim for punitive damages. (Doc. 61 at 4-5). Ms. Abbott argues that Rule 8 of the Federal Rules of Civil Procedure establishes the pleading requirements here, and her pleading sufficiently alleges claims to seek punitive damages. (Doc. 65 at 9-10). The Court finds that though Ms. Abbott's Complaint does not specifically make out a claim for punitive damages, she will not be prevented from pursuing punitive damages at trial.

Rule 8 of the Federal Rules of Civil Procedure, which governs pleading requirements in federal court, does not bar claims for punitive damages from being pleaded in an initial complaint. *See Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, 2021 WL 4963523, at *2 (E.D. Mo. Oct. 26, 2021).

In Missouri state court, plaintiffs may not seek punitive damages in their initial petition. Mo. Rev. Stat. § 510.261. This Court's jurisdiction in this case is based on diversity of citizenship, so Missouri state law governs substantive issues. *Am. Home Assur. Co. v. Pope*, 591 F.3d 992, 998-99 (8th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The Eighth Circuit has not provided guidance as to whether § 510.261 applies in federal court proceedings. *Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, 2021 WL 4963523, at *2 (E.D. Mo. Oct. 26, 2021). However, federal trial courts in Missouri have found that § 510.261 "is a procedural pleading rule that is not applicable to federal courts exercising diversity jurisdiction." *Hogquist v. PACCAR, Inc.*, No. 3:21-CV-05013-MDH, 2021 WL 6050932, at *3 (W.D. Mo. Dec. 21, 2021); *see Bextermueller News Distributors v. Lee Enters., Inc.*, No. 4:22-CV-00344-SPM, 2023 WL 2187465, at *7 (E.D. Mo. Feb. 23, 2023) (collecting cases).

Federal procedural law "requires a pleading to state a claim and include a demand for the relief sought." *Standlea v. Dunn*, No. 4:21-CV-00147-BCW, 2021 WL 9667335, at *3 (W.D. Mo.

Oct. 5, 2021) (citing to Fed. R. Civ. P. 8(a)(3)). Federal Rule of Civil Procedure 8 requires enough facts to raise a reasonable expectation that discovery will reveal evidence of liability. *Gray v. City of Kansas City, Mo.*, No. 4:25-CV-00369-DGK, 2025 WL 3452373, at *3 (W.D. Mo. Dec. 1, 2025) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Rule 8 establishes a "simplified standard for pleading in civil actions" and does not contain a heightened pleading requirement for punitive damages. *Bowles v. Osmose Utilities Servs., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006); Fed. R. Civ. P. 8(a)(3); *see N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) ("The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"). A pleading need not allege punitive damages in her complaint in order to recover punitive damages at trial. *Bowles*, 443 F.3d at 675 (8th Cir. 2006) (citing Fed. R. Civ. P. 54(c)). A plaintiff's ability to seek punitive damages is not "a function of [the] pleadings, but rather of whether the plaintiff provided adequate notice or caused prejudice." *Lindt & Sprungli (N. Am.), Inc. v. Gxo Warehouse Co., Inc.*, No. 22-00384-CV-W-BP, 2024 WL 448792, at *2 (W.D. Mo. Jan. 2, 2024) (citing *Bowles*, 443 F.3d at 675).

*Bowles* is instructive. In that case, the Eighth Circuit affirmed a jury award of punitive damages even though the plaintiff's complaint did not specifically seek punitive damages because evidence at trial supported the award. *Bowles*, 443 F.3d at 674-75. The Eighth Circuit determined that the plaintiff had provided the defendant with sufficient notice and "adequate time to conform its defense to the plaintiff's announced objectives" by filing a pretrial disclosure three weeks before trial expressly stating that he intended to seek punitive damages. *Id.* at 675. The fact that the plaintiff's complaint did not specifically allege punitive damages was not fatal to the award. *Id.*

Here, Ms. Abbott's discovery requests put First Student on notice that she intends to seek punitive damages. Trial in this matter is set for June 2026. (*See* Doc. 17). On October 29, 2025, almost eight months prior to trial, Ms. Abbott served an Amended Notice to take the deposition of First Student's corporate representative. The Amended Notice requested information on First Student's financial assets. (Doc. 49 at ¶ 35). Discovery requests into a company's financial resources offer sufficient notice for an assertion of punitive damages. *Bowles*, 443 F.3d at 675 (finding a discovery request into defendant's net worth submitted three months before trial provided sufficient notice that plaintiff would seek punitive damages); *see Nation v. Moore*, No. 3:22 CV 5063-MDH, 2024 WL 3837764, at *1 (W.D. Mo. Aug. 15, 2024) (holding defendant was not on notice of plaintiff's desire to seek punitive damages when plaintiff never sought discovery on defendant's assets).

In fact, this discovery request did put First Student on notice. On November 12, 2025, counsel for First Student inquired via email why Ms. Abbott was seeking financial information based on the belief that such information was only necessary for the issue of punitive damages. (Doc. 60-1). The next day, counsel for Ms. Abbott informed First Student that she was seeking punitive damages. (*Id.*). This email exchange took place seven months before trial.

First Student has been given ample notice of Ms. Abbott's intent to seek punitive damages at trial not only through discovery requests, but also through direct communication with Ms. Abbott's counsel. *See Lindt*, 2024 WL 448792, at *2 (finding counsel was on notice when they were informed via email that plaintiff would seek punitive damages). The defendant in *Bowles* had only three weeks' notice of the plaintiff's intent to seek punitive damages; First Student has seven months. *Bowles*, 443 F.3d at 675 (finding that three weeks gave the defendant "adequate time to conform its defense to the plaintiff's announced objectives").

First Student argues that the state court and Missouri state law make it clear that amendment is necessary for Ms. Abbott to seek punitive damages. (Doc. 67 at 5). But federal trial courts in Missouri have found repeatedly that § 510.261(5) "is a procedural pleading rule that is not applicable to federal courts exercising diversity jurisdiction." *Hogquist*, 2021 WL 6050932, at *3; *see Bextermueller*, 2023 WL 2187465, at *7 (collecting cases). Ms. Abbott's Complaint is governed by the Federal Rules of Civil Procedure, not Missouri's. *See Kilburn v. Autosport Acquisitions, LLC*, No. 1:20 CV 211 ACL, 2021 WL 307550, at *2 (E.D. Mo. Jan. 29, 2021) ("[A] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answers the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act.") (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015)); *see id.* (determining that Rule 8 is valid under the Rules Enabling Act). Ms. Abbott need not comply with Missouri procedural law that would require her to file a later pleading containing a claim for punitive damages. *See Bextermueller*, 2023 WL 2187465, at *7 (rejecting the argument that a claim for punitive damages should be struck because the plaintiff did not comply with the requirements of Mo. Rev. Stat. § 510.261(5)).

The record shows that Ms. Abbott's discovery responses and correspondence between counsel adequately notified First Student of her intent to seek punitive damages. Although her Complaint does not use the words "punitive damages," doing so is not required for her to seek and recover punitive damages at trial. *Bowles*, 443 F.3d at 675 (citing Fed. R. Civ. P. 54(c)). Because Ms. Abbott has sought discovery on First Student's assets and counsel confirmed the intent over email, First Student has received adequate notice that Ms. Abbott intends to seek punitive damages. Additionally, the Court fails to see how First Student would be prejudiced at this stage of litigation given the considerable amount of time that remains before trial to adjust strategy. *See Lindt*, 2024

WL 448792, at *2 (noting that punitive damages are not "a function of [the] pleadings, but rather of whether the plaintiff provided adequate notice or caused prejudice").

After review of the Complaint and the record, the Court finds that Ms. Abbott has provided First Student with sufficient notice of her intention to seek punitive damages at trial. Therefore, First Student's request to strike or bar Ms. Abbott from pursuing punitive damages is denied.

**B. The doctrine of judicial estoppel does not apply.**

First Student argues the doctrine of judicial estoppel precludes Ms. Abbott from asserting claims for punitive damages because she represented in a state court filing that her pleading did not contain a claim for punitive damages, and she did not seek leave to add punitive damages claim prior to the deadline to amend pleadings set by the Scheduling Order. (Doc. 61 at 3-7; Doc. 67 at 3-4). First Student suggests that allowing Ms. Abbott to seek punitive damages will "disrupt the orderly progress of the case" and unfairly disadvantage First Student. (Doc. 61 at 3). Ms. Abbott contends that she has made it clear that she intends to seek punitive damages. (Doc. 65 at 9-10; Doc. 68). The Court finds that the doctrine of judicial estoppel does not apply.

Judicial estoppel is an equitable doctrine intended to protect the integrity of judicial proceedings. *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another place." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) (internal quotation marks omitted)). Equity most clearly demands the application of judicial estoppel where "the attempted assertion of a 'contrary position' 'prejudices the party who acquiesced in the position formerly taken.'" *Hughes v. Canadian Nat'l Ry. Co.*, 105 F.4th 1060, 1068 (8th Cir. 2024) (citing *Stallings*, 447 F.3d at 1047). In a diversity case, courts apply the state's law of judicial estoppel. *Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d

376, 383 (8th Cir. 2018). Missouri applies the factors discussed in *New Hampshire v. Maine* as guideposts, not elements, to evaluate whether judicial estoppel is appropriate. *Vacca v. Missouri Dep't of Lab. & Indus. Rels.*, 575 S.W.3d 223, 235 (Mo. 2019).

> There are three factors that go into this analysis:
>
> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled . . . ." A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *see Johnson v. City of Kansas City*, 695 S.W.3d 165, 172 (Mo. Ct. App. 2024).

"Under Missouri law, the first *New Hampshire* factor, whether a party's positions are 'clearly inconsistent,' is 'the threshold essential to a judicial estoppel defense.'" *Kirk.*, 887 F.3d at 385 (quoting *Imler v. First Bank of Mo.*, 451 S.W.3d 282, 292 (Mo. App. 2014)). "Determining whether two positions are 'clearly inconsistent' requires interpreting the allegedly contrary representations in context, identifying the underlying legal positions they represent, and analyzing whether those positions can be reconciled." *Id.*; *see Berger v. Emerson Climate Techs.*, 508 S.W.3d 136, 143-45 (Mo. App. 2016).

In Missouri state court, plaintiffs may not seek punitive damages in their initial petition. Mo. Rev. Stat. § 510.261. A plaintiff may only assert a claim for punitive damages after obtaining the court's leave. § 510.261(5).

In compliance with Missouri pleading requirements, Ms. Abbott's initial state court petition did not contain a claim for punitive damages. (*See* Doc. 60-2 at 2). Before this case was removed to federal court, First Student filed a motion arguing that Ms. Abbott's petition included

"inflammatory and immaterial allegations," and "such incendiary langue" should be struck as an impermissible prayer for punitive damages. (Doc. 1-1 at 53-55). In response, Ms. Abbott stated, "Plaintiff concedes Missouri rules prohibit claims of punitive damages in initial pleadings. RSMO 510.261.5 states: 'No initial pleading in a civil action shall contain a claim for a punitive damage award.' The petition, however, does **NOT** contain a claim for punitive damages." (Doc. 60-2 at 2). On December 11, 2024, the Honorable Jon E. Beetem denied First Student's motion stating, in relevant part, "Motion to Strike is denied. Petition does not contain a prayer for punitives." (*See* Doc. 1-1 at 1).

First Student argues that Ms. Abbott's representation to the state court that her petition did not seek punitive damages is inconsistent with her intent to pursue them now. (Doc. 61 at 4). Ms. Abbott's case began in Missouri state court, where pleading requirements prohibited her from including a claim for punitive damages in her initial petition. *See* Mo. Rev. Stat. § 510.261(5). She represented to the Missouri state court that her petition did not contain a claim for punitive damages. (Doc. 60-2 at 2). Ms. Abbott's now-federal Complaint still does not contain a claim for punitive damages. In federal court, failure to specifically plead a claim for punitive damages does not defeat a plaintiff's ability to actually seek punitive damages at trial. *Bowles*, 443 F.3d at 675 (citing Fed. R. Civ. P. 54(c)); *Lindt*, 2024 WL 448792, at *3 ("[E]xpressly alleging punitive damages are merely one way of providing notice, not the mandatory or exclusive way."); *id.* ("Nothing in the district court's orders [denying leave to amend the Complaint and add a claim for punitive damages] prohibit the plaintiff from presenting evidence and argument on the issue of punitive damages, and later seeking a jury instruction on the issue of punitive damages.") (quoting *In re Manning*, No. 15-2332 (8th Cir. Jun. 25, 2015)). Ms. Abbott's prior representation to the state court is not inconsistent with her intent to seek punitive damages. *See Kirk*, 887 F.3d at 386

("When a party's position is not clearly inconsistent with the position taken in another proceeding, 'there is no reason to estop it from asserting that position.'") (quoting *Hossaini v. W. Mo. Med. Ctr.*, 140 F.3d 1140, 1143 (8th Cir. 1998)).

Ms. Abbott did not change her position when she failed to amend her Complaint after removal. She need not amend her Complaint in order to pursue punitive damages in federal court. Further, her request to do so is untimely and therefore is denied. (*See* Doc. 17). Rather, as explained above, Ms. Abbott has provided First Student with sufficient notice of her intention to pursue punitive damages at trial. She has not taken two inconsistent positions in two different courts. Therefore, judicial estoppel is not appropriate.

First Student argues that Ms. Abbott would gain an unfair advantage if allowed to proceed with punitive damage claims because it would alter the scope of litigation. (Doc. 61 at 5-6). However, First Student does not explain how it will be prejudiced or harmed. First Student has not identified any way in which it would have conducted discovery differently or prepared its defense differently. Indeed, discovery is still ongoing. With seven months until trial, First Student has ample time in which to adjust its trial strategy to account for Ms. Abbott's plan to seek punitive damages. Although actual prejudice is not a requirement of judicial estoppel, "in these circumstances, with no prejudice to the [party] asserting judicial estoppel and no other showing of harm or unfairness," there is no reason to apply judicial estoppel. *Hughes*, 105 F.4th at 1070. Accordingly, the doctrine of judicial estoppel does not apply.

### III. Conclusion

For the reasons set forth above, the Court finds that Defendant First Student's Motion to Strike (Bar) the Petition's Request for Punitive Damages should be DENIED. Accordingly, it is, therefore

ORDERED that Defendant First Student's Motion to Strike (Bar) the Petition's Request for Punitive Damages is DENIED.

Dated this 9th day of January 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge