**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| WHITNEY ABBOTT, *on behalf of her minor son G.A.*, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:25-CV-04002-WJE |
| FIRST STUDENT, INC., | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff Whitney Abbott's Motion to Dismiss This Action Without Prejudice, brought pursuant to Federal Rule of Procedure 41.[1] (Doc. 97). Defendant First Student has filed suggestions in opposition to the motion (Doc. 100), to which Ms. Abbott has filed a reply (Doc. 101). This matter is now ripe for consideration. For the reasons that follow, Plaintiff's Motion to Voluntarily Dismiss is GRANTED.

## I. Background

On August 2, 2024, Ms. Abbott filed a Complaint in the Circuit Court of Cole County, alleging that G.A., her minor son, was sexually assaulted multiple times by another student, Q.K., while riding a First Student school bus. (Doc. 1-1 at 10). The suit named First Student and the Jefferson City School District ("School District") as defendants. (*See generally id.*). On December 6, 2024, Ms. Abbott filed a Stipulation of Dismissal without prejudice as to the School District based on the School District's representation that it did not have insurance coverage and that no sovereign immunity exclusion applied. (Doc. 1-1 at 266). On December 11, 2024, an Order of Dismissal was entered,

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

dismissing the case against the School District without prejudice and leaving First Student as the sole remaining defendant. (Doc. 1-1 at 270).

On January 6, 2025, First Student removed this action from state court based on federal diversity jurisdiction. (Doc. 1). On July 8, 2025, Ms. Abbott sought leave to amend her complaint to join the bus driver, A.S., and Q.K.'s mother, S.K., as defendants, and to reinstate the claims against the School District, which had waived immunity by procuring liability insurance. (Docs. 28, 28-1). Knowing that such an amendment would destroy federal diversity jurisdiction, Ms. Abbott acknowledged that remand would be required. (Doc. 29 at 2, 21). This Court denied Ms. Abbott's request on July 11, 2025, finding that joinder was sought to defeat federal jurisdiction, Ms. Abbott was dilatory in asking for amendment, and Ms. Abbott would not be significantly injured if amendment was not allowed. (Doc. 33 at 4-6). Subsequently, on October 24, 2025, Ms. Abbott filed a separate action in the Circuit Court of Cole County against the School District and S.K. (Doc. 97 at 2).

In the federal matter, the Court set October 17, 2026, as the deadline for discovery, March 30, 2027, for a pretrial conference, and April 12, 2027, for a four-day jury trial. (Doc. 85). Numerous depositions have been conducted, including of First Student's corporate representative, G.A.'s mother, father, stepfather, and teacher, and experts designated by both parties. (Docs. 49, 52, 58, 59, 71, 72, 82, 88, 89, 92, 95, 96). The parties have unsuccessfully met for mediation three times, per the Court's instruction.

## II. Discussion

On July 16, 2026, Ms. Abbott filed the instant Motion to Dismiss, asserting that she seeks dismissal so that she can combine her claims against First Student with the state court action that names S.K. and the School District as defendants in order to avoid duplicative litigation. (Doc. 97). First Student filed an opposition to the Motion to Dismiss on July 30, 2026, arguing that the motion

was an impermissible attempt at forum shopping. (Doc. 100). Ms. Abbott filed a reply reasserting the arguments raised in the Motion to Dismiss on August 3, 2026. (Doc. 101). For the reasons that follow, the Court grants Ms. Abbott's Motion to Dismiss.

**A. Legal Standard**

Federal Rule of Civil Procedure 41(a)(2) provides that, after a defendant files an answer or motion for summary judgment, a plaintiff may voluntarily dismiss an action without the agreement of all parties "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017). A district court has discretion in deciding whether to allow a plaintiff to voluntarily dismiss an action under Rule 41(a)(2). *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "When ruling on a Rule 41(a)(2) motion, district courts must consider 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). The Court considers each of these factors below.

**B. The motion to voluntarily dismiss is granted.**

*1. Ms. Abbott has presented a proper reason for dismissal.*

First, the Court considers whether Ms. Abbott has presented a proper explanation for dismissal. In her motion, Ms. Abbott states that she seeks to dismiss this action so that all claims arising from the G.A.'s alleged assault can be litigated in the pending Missouri state court case. (Doc. 97 at 1). First Student argues that Ms. Abbott's reasons for dismissal are improper and she is

impermissibly using voluntary dismissal to seek a more favorable forum. (Doc. 100 at 5-10). The Court finds that Ms. Abbott has presented a proper explanation to warrant dismissal.

The Eighth Circuit's "settled rule is that a plaintiff seeking voluntary dismissal without prejudice must give a reason other than 'merely to seek a more favorable forum.'" *Tillman*, 33 F.4th at 1029 (8th Cir. 2022) (quoting *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021)).

The Court finds that Ms. Abbott has presented a proper explanation for her desire to dismiss the case and is not merely forum shopping. Ms. Abbott states that voluntary dismissal should be granted "to avoid two parallel suits and the resulting risk of inconsistent verdicts." (Doc. 97 at 2). She intends to add First Student as a defendant in her pending state action and proceed in "the only forum where all responsible parties can be joined and the entire controversy can be resolved in a single proceeding." (*Id.*). Avoiding "multiplicitous litigation and the risk of inconsistent verdicts" is a proper purpose for voluntary dismissal. *Tillman*, 33 F.4th at 1029; *Blaes*, 858 F.3d at 513 (finding that consolidating plaintiff's case with other, similar state-court cases was a proper purpose for voluntary dismissal); *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). Additionally, Ms. Abbott's claims against the state court defendants appear legally viable, as those defendants have a real connection with the controversy. *See Donner*, 709 F.3d at 697 ("The viability of [the plaintiff's] claims against [state court defendant] is relevant to determining whether [the plaintiff's] purpose in seeking a voluntary dismissal was proper or improper."). Moreover, there is no pending motion from which Ms. Abbott seeks to escape an unfavorable ruling. *Tillman*, 33 F.4th at 1029 ("When the federal case has progressed to the point where a decision adverse to a plaintiff is imminent . . . , a party is not permitted to dismiss merely to escape an adverse decision."). The instant motion is the only pending action in this federal case. Ms. Abbott has already filed the state-court action with which she seeks to

consolidate this case. She has stated that she seeks to litigate all related claims in the same action to prevent the risk of inconsistent verdicts or duplicative litigation.

First Student argues that the parallel litigation in federal and state court is a problem of Ms. Abbott's own making. (Doc. 100 at 8-10). Under that logic, any plaintiff who pursues non-diverse defendants in state court after being denied joinder or remand in federal court would forfeit the ability to obtain voluntary dismissal. This would effectively nullify Rule 41(a)(2) in diversity cases involving related, non-diverse parties. Nothing in the Eighth Circuit's voluntary dismissal jurisprudence supports treating a plaintiff's exercise of an avenue the court itself identified as non-prejudicial as the kind of self-inflicted harm that can defeat dismissal. *See Tillman*, 33 F.4th at 1030 (identifying improper pretextual reasons for voluntary dismissal).

The Court finds that Ms. Abbott has provided a valid reason other than forum shopping to support her desire to dismiss the case. *See Tillman*, 33 F.4th at 1029; *Blaes*, 858 F.3d at 513. Accordingly, this factor weighs in favor of Ms. Abbott.

2. *Dismissal would not result in a waste of judicial resources.*

The Court next considers whether a dismissal would result in a waste of judicial time and effort. Ms. Abbott argues dismissal is appropriate because trial has not commenced and discovery remains pending. (Doc. 97 at 10-13). First Student argues that the Court has overseen multiple discovery disputes and ruled on fully briefed motions, so dismissal would waste judicial resources. (Doc. 100 at 10-14). The Court finds that dismissal would not result in a waste of judicial resources.

The Court has expended little time and effort on the case up to this point. Not including the instant motion, the Court has ruled on three sets of fully briefed motions that primarily related to the early stages of a case and discovery. (Docs. 28-31, 33, 42-47, 60-61, 65, 67-69). It has held one status conference regarding a discovery dispute with the parties. (Doc. 41). Summary judgment motions

have not been filed. Discovery remains ongoing, and trial is not scheduled for eight months. Voluntary dismissal at this stage would not result in any significant waste of judicial time or effort.

Moreover, the Eighth Circuit has held that "judicial time and effort are not wasted where much of the evidence may be used in state court." *Blaes*, 858 F.3d at 513. Here, the Court has primarily facilitated discovery disputes between the parties. While the Court acknowledges that not every bit of discovery may be re-used in state court, much of it will be relevant. Therefore, while the case has been pending for over one year, the Court finds that it has not expended significant resources and this factor weighs slightly in Ms. Abbott's favor.

*3. Dismissal would not prejudice First Student.*

Lastly, the Court considers whether dismissal will prejudice First Student. Ms. Abbott argues that dismissal will not prejudice First Student because discovery obtained in this action can be used in state court proceedings. (Doc. 97 at 2). First Student disagrees and suggests it would be prejudiced by the loss of federal forum and the "significant costs of restarting litigation." (Doc. 100 at 11-13). The Court finds that, while extensive discovery has been conducted in this case, First Student would not be prejudiced by dismissal.

"Legal prejudice is more than the fact that a defendant might have to defend another action." *Blaes*, 858 F.3d at 513. "Neither 'the expense and effort of drafting and responding to discovery' nor the loss of a tactical advantage constitute legal prejudice." *Id.* (quoting *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014)).

Here, First Student does not articulate how the Court's dismissing this action would prejudice First Student beyond its having to defend Ms. Abbott's already pending state-court action. First Student has only identified the cost of discovery and deprivation of federal forum as prejudice it would face if this motion was granted. (Doc. 100 at 11-13). While the Court acknowledges that experts have been designated and deposed and multiple depositions have been taken, the expense and effort

expended by First Student in preparing discovery responses and deposing witnesses does not constitute prejudice, nor does the possibility that First Student will face a second lawsuit. *See Blaes*, 858 F.3d at 513; *Mullen*, 770 F.3d at 724. Further, the Eighth Circuit has stated that "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Tillman*, 33 F.4th at 1030. First Student has not identified prejudice that is wholly distinct from defending a subsequent lawsuit. Thus, having weighed all the relevant factors, the Court finds voluntary dismissal of this action is appropriate. The Court therefore grants Ms. Abbott's motion.

## III. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's Motion to Dismiss Without Prejudice should be **GRANTED**.

Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff Whitney Abbot's Motion to Dismiss Without Prejudice the Complaint is GRANTED as set forth herein.

Dated this 20th day of August, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge